ON APPLICATION FOR REHEARING
GARRISON, Judge.
Our original hearing of this case affirmed the jury’s award in favor of plaintiff in the amount of $16,750.00 in general damages and $30,000.00 in special damages, reduced according to plaintiff’s percentage of fault which the jury determined was 81%. On rehearing, however, four of the five members of this panel conclude that the jury clearly erred in both its allocation, of fault and its award of general damages.
After thoroughly reviewing the record, we find the jury abused its discretion in apportioning the parties’ fault. The particular facts if this case show the parties were equally at fault. Therefore, plaintiff’s recovery is to be reduced by only 50%.
Our review also reveals the jury clearly abused its discretion in making plaintiff’s award of general damages. However, as it is never appropriate for a court of appeal to simply decide what it considers an appropriate award on the basis of the evidence, we can only raise the award to the lowest point which was reasonably within the jury’s discretion. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977). Applying these principles to the facts proven at trial, we find the lowest amount that the jury could have awarded for general damages is $30,000.00.
Accordingly, the judgment in favor of plaintiff, Annette Mae Frosch, and against defendant, National-Canal Villere Supermarket, is affirmed as amended. Plaintiff is awarded the sum of $30,000.00 in special damages and $30,000.00 in general damages, reduced according to plaintiff’s percentage of fault of 50%, for an aggregate of $30,000.00, together with legal interest from date of judicial demand.
AFFIRMED AS AMENDED.
BARRY, J., concurs.
WILLIAMS, J., dissents with reasons.